1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FILED

'04 FEB 11 P 4: 13

US DIST COURT
EASTERN DIST OF CALIF

BY_____
DEPUTY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LION RAISINS, INC.,                    )     CIV-F-03-6744 OWW DLB
                                       )
                Plaintiff,             )     MEMORANDUM DECISION AND
                                       )     ORDER ON DEFENDANT'S MOTION
        v.                             )     TO DISMISS AND MOTION FOR
                                       )     SUMMARY JUDGMENT [FED. R.
ROYAL & SUN ALLIANCE AND DOES 1        )     CIV. P. 12(b)(6) & 56].
through 10, inclusive,                 )
                                       )
                Defendants.            )
_____)


                    I.    Introduction


        Royal & Sun Alliance ("Defendant") moves to dismiss, or in

the alternative for summary judgment against, the complaint of

Lion Raisins, Inc. ("Plaintiff") pursuant to Fed. R. Civ. P.

12(b)(6) and 56, respectively.  Doc. 6, Defendant's Motion to

Dismiss and for Summary Judgment ("Defendant's Motions"), filed

December 8, 2003.  Defendant alleges that Plaintiff has failed to

state a ground upon which relief can be granted and

"has sued the wrong entity."  Id. at 3.23.  The critical

question underlying both motions is whether Defendant issued

worker's compensation insurance to Plaintiff.  See Doc. 10,

Plaintiff's Opposition to Defendant's Motion to Dismiss or, in

                                  1

1   the Alternative, Motion for Summary Judgment ("Plaintiff's

2   Opposition") at 1.20-22, filed January 12, 2004;  Doc. 13,

3   Defendant Royal & SunAlliance USA, Inc.'s Reply Memorandum in

4   Support of Motion to Dismiss or, in the Alternative, Motion for

5   Summary Judgment ("Defendant's Reply") at 1.3-6, filed January

6   16, 2004.

7

8                   II.    Procedural History

9

10       Plaintiff, "a large processor of raisins, with its principle

11  place of business located in Selma, County of Fresno,

12  California," sued Defendant in the Superior Court of the State of

13  California, County of Fresno, Central Division, for (1) breach of

14  contract, (2) negligence, (3) intentional misrepresentation, and

15  (4) negligent misrepresentation.[1]  Doc. 1, Exh. A, Plaintiff's

16  Complaint for Breach of Contract, Negligence, and Damages

17  ("Plaintiff's Complaint") at 8-11, ¶¶ 26-37, originally filed

18  October 27, 2003.  Plaintiff alleges that CIBUS Insurance "is

19  authorized to write policies for Defendant" and that "Defendant

20  is a large European insurance company that bought Connecticut

21  Indemnity [Company] and uses it as a base for operations in the

22  United States."  Plaintiff's Complaint at 2, ¶ 8; see also 6.24-

23  25.  Plaintiff claims that "Defendant was Lion's insurer for the

24  ─────────────────────

25      [1] Defendant addresses Plaintiff's breach of contract and
    negligence claims separately.  Defendant addresses Plaintiff's
26  third and fourth causes of action (intentional misrepresentation
    and negligent misrepresentation respectively) under a single
27  heading: "fraudulent misrepresentation."  Defendant's Motions
    6.9-7.9.
28

                              2

1  policy year 2000."  Plaintiff's Complaint at 6, ¶ 21.  Plaintiff

2  alleges that it "[o]n or about January 1, 2000 Plaintiff entered

3  into a contract with Defendant for Defendant to insure Plaintiff

4  with respect to Plaintiff's state mandated workers' compensation

5  and employer's liability insurance policy."  Plaintiff's

6  Complaint at 3, ¶ 9.

7       Defendant removed this case pursuant to 28 U.S.C. § 1441(b),

8  "in that it is a civil action between citizens of different

9  states and the amount in controversy exceeds the sum of

10  $75,000...."  Defendant's Removal at 1, ¶ 2.  Defendant alleges

11  that this removal was timely, pursuant to 28 U.S.C. § 1446(b),

12  and that proper notice was provided, pursuant to 28 U.S.C. §

13  1446(d).  *Id.* at 2.16-17; 2.26-3.2.

14       Defendant moves to dismiss Plaintiff's claim, pursuant to

15  Fed. R. Civ. P. 12(b)(6), or, in the alternate, for summary

16  judgment, pursuant to Fed. R. Civ. P. 56.  *See* Defendant's

17  Motions.  As required under Local Rule 56-260(a), Defendant

18  submitted a statement of uncontested facts, supported by one

19  affidavit.  Doc. 7. Defendant's Statement of Uncontested Facts,

20  filed December 8, 2003;  Doc. 8, Affidavit of Linda Y. Pettigrew

21  in Support of Defendant's Motions ("Defendant's Affidavit"),

22  filed December 8, 2003.

23       Plaintiff filed opposition to Defendant's motions and

24  responded to the statement of uncontroverted facts.  Plaintiff's

25  Opposition; Doc. 11, Plaintiff's Response to Defendant's

26  Statement of Uncontroverted Facts ("Plaintiff's Statement of

27  Facts"), filed January 12, 2004.  Plaintiff also submitted a

28  declaration in support of its opposition.  Doc. 12, Declaration

1   of Sean Dunn in Support of Plaintiff's Opposition to Defendant's

2   Motion to Dismiss or, in the Alternative, Motion for Summary

3   Judgment ("Dunn's Declaration"), January 12, 2004.

4   Defendant replied to Plaintiff's Opposition and requested

5   judicial notice of Best's Insurance Reports, Property/Casualty.[2]

6   Defendant's Reply;  Doc. 14, Defendant Royal & SunAlliance USA,

7   Inc.'s Request for Judicial Notice ("Defendant's Request for

8   Judicial Notice"), filed January 16, 2004.  Oral arguments were

9   heard January 26, 2004.

10

11   III.   Defendant's Statement of Undisputed Facts

12

13   As a moving party, Defendant alleges five statements of

14   undisputed facts:

15

16   1.    RSA USA is a holding company incorporated in the State

17        of Delaware and has its principle place of business in

18        the State of North Carolina.

19

20   2.    RSA USA is not an insurance company nor does it issue

21        insurance policies, including workers' compensation

22        insurance, in the United States.

23

24   _____

      [2] Defendant requests judicial notice be taken of its Exhibit
25   1: Best's Insurance Reports, Property-Casualty (2002), pp. 4171-
     75.  See Defendant's Request for Judicial Notice at 1.  The
26   report Defendant's actually submit is identified as "Best's
     Ratings & Report as of 7/22/03."  Plaintiff also submits a
27   selection from this report but does not identify it as from
     "Best's."  Dunn's Declaration, Exh. 1.
28

                                  4

3.   RSA USA could not have shared a contractual relationship with Plaintiff Lion Raisins, Inc. with regard to the provision of workers' compensation coverage.

4.   RSA USA is not engaged in the business of handling workers' compensation insurance claims nor engaged in marketing of insurance products in the United [States.]

5.   RSA USA has no employees.

Plaintiff disputes the five facts Defendant submitted in its statement of uncontroverted facts.  Plaintiff does not provide particular grounds for the disputation but only refers in each case to the general Dunn Declaration, excepting its first paragraph.[3]  *See* Plaintiff's Statement of Facts.  As a result, there is no statement of undisputed facts.

## IV.   Standard of Review

A.   Motion to Dismiss for Failure to State a Claim upon which Relief Can Be Granted - Fed. R. Civ. P. 12(b)(6)

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is disfavored and rarely granted:  "[a]

---

[3] Plaintiff only refers in the case of each disputed fact to the "Declaration of Sean Dunn (Dunn Decl.), ¶¶ 2-10; Exhibits 1 through 8 to Dunn Decl."

1  complaint should not be dismissed unless it appears beyond doubt

2  that plaintiff can prove no set of facts in support of his claim

3  which would entitle him to relief." *Van Buskirk v. CNN, Inc.*,

4  284 F.3d 977, 980 (9th Cir. 2002)(citations omitted); *see also*

5  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir.

6  1997)(stating that the issue is not whether plaintiff will

7  ultimately prevail, but whether claimant is entitled to offer

8  evidence to support the claim).  In deciding whether to grant a

9  motion to dismiss, the court "take[s] all of the allegations of

10  material fact stated in the complaint as true and construe them

11  in the light most favorable to the nonmoving party." *Rodriguez*

12  *v. Panayiotou*, 314 F.3d 979, 983 (9th Cir. 2002).

13      "The court need not, however, accept as true allegations

14  that contradict matters properly subject to judicial notice or by

15  exhibit.  Nor is the court required to accept as true allegations

16  that are merely conclusory, unwarranted deductions of fact, or

17  unreasonable inferences." *Sprewell v. Golden State Warriors*, 266

18  F.3d 979, 988 (9th Cir. 2001) (citations omitted).  For example,

19  matters of public record may be considered, including pleadings,

20  orders and other papers filed with the court or records of

21  administrative bodies, *see Mack v. South Bay Beer Distrib.*, 798

22  F.2d 1279, 1282 (9th Cir. 1986), while conclusions of law,

23  conclusory allegations, unreasonable inferences, or unwarranted

24  deductions of fact need not be accepted. *See Western Mining*

25  *Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *see also*

26  *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) ("[A]

27  document is not 'outside' the complaint if the complaint

28  specifically refers to the document and if its authenticity is

1   not questioned."). Allegations in the complaint may be

2   disregarded if contradicted by facts established by exhibits

3   attached to the complaint. *See Durning v. First Boston Corp.*,

4   815 F.2d 1265, 1267 (9th Cir. 1987).

5

6       B.    <u>Motion for Summary Judgement Pursuant to Fed. R. Civ.</u>

7           <u>P. 56</u>

8

9       Summary judgment is warranted only "if the pleadings,

10  depositions, answers to interrogatories, and admissions on file,

11  together with the affidavits, if any, show that there is no

12  genuine issue as to any material fact." Fed. R. Civ. P. 56(c);

13  *California v. Campbell*, 138 F.3d 772, 780 (9th Cir. 1998).

14  Therefore, to defeat a motion for summary judgment, the non-

15  moving party must show (1) that a genuine factual issue exists

16  and (2) that this factual issue is material. *Id*. A genuine

17  issue of fact exists when the non-moving party produces evidence

18  on which a reasonable trier of fact could find in its favor

19  viewing the record as a whole in light of the evidentiary burden

20  the law places on that party. *See Triton Energy Corp. v. Square

21  D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995); *see also Anderson v.

22  Liberty Lobby, Inc.*, 477 U.S. 242, 252-56 (1986). The evidence

23  must be viewed in a light most favorable to the nonmoving party.

24  *Indiana Lumbermens Mut. Ins. Co. v. West Oregon Wood Products,

25  Inc.*, 268 F.3d 639, 644 (9th Cir. 2001), *amended by* 2001 WL

26  1490998 (9th Cir. 2001). Facts are "material" if they "might

27  affect the outcome of the suit under the governing law."

28  *Campbell*, 138 F.3d at 782 (quoting *Liberty Lobby, Inc.*, 477 U.S.

7

1 | at 248).

2 |     The moving party bears the initial burden of demonstrating

3 | the absence of a genuine issue of fact. *Devereaux v. Abbey*, 263

4 | F.3d 1070, 1076 (9th Cir. 2001).  If the moving party fails to

5 | meet this burden, "the nonmoving party has no obligation to

6 | produce anything, even if the nonmoving party would have the

7 | ultimate burden of persuasion at trial." *Nissan Fire & Marine*

8 | *Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102-03 (9th

9 | Cir. 2000).  However, if the nonmoving party has the burden of

10 | proof at trial, the moving party must only show "that there is an

11 | absence of evidence to support the nonmoving party's case."

12 | *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the

13 | moving party has met its burden of proof, the non-moving party

14 | must produce evidence on which a reasonable trier of fact could

15 | find in its favor viewing the record as a whole in light of the

16 | evidentiary burden the law places on that party.  *Triton Energy*

17 | *Corp.*, 68 F.3d at 1221.  The nonmoving party cannot simply rest

18 | on its allegations without any significant probative evidence

19 | tending to support the complaint. *Devereaux*, 263 F.3d at 1076.

20 |        [T]he plain language of Rule 56(c) mandates the entry

21 |        of summary judgment, after adequate time for

22 |        discovery and upon motion, against a party who fails

23 |        to make a showing sufficient to establish the

24 |        existence of an element essential to the party's

25 |        case, and on which that party will bear the burden of

26 |        proof at trial.  In such a situation, there can be

27 |        "no genuine issue as to any material fact," since a

28 |        complete failure of proof concerning an essential

1          element of the nonmoving party's case necessarily

2          renders all other facts immaterial.

3   *Celotex Corp.*, 477 U.S. at 322-23.

4          "In order to show that a genuine issue of material fact

5   exists, the nonmoving party must introduce some 'significant

6   probative evidence tending to support the complaint.'"  *Rivera v.*

7   *AMTRAK*, 331 F.3d 1074, 1078 (9th Cir. 2003) (quoting *Liberty*

8   *Lobby, Inc.*, 477 U.S. at 249).  If the moving party can meet his

9   burden of production, the non-moving party "must produce evidence

10  in response....[H]e cannot defeat summary judgment with

11  allegations in the complaint, or with unsupported conjecture or

12  conclusory statements."  *Hernandez v. Spacelabs Med., Inc.*, 343

13  F.3d 1107, 1112 (9th Cir. 2003).  "Conclusory allegations

14  unsupported by factual data cannot defeat summary judgment."

15  *Rivera*, 331 F.3d at 1078 (citing *Arpin v. Santa Clara Valley*

16  *Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001)).

17         The more implausible the claim or defense asserted by the

18  nonmoving party, the more persuasive its evidence must be to

19  avoid summary judgment.  *See U.S. ex rel. Anderson v. N. Telecom,*

20  *Inc.*, 52 F.3d 810, 815 (9th Cir. 1996).  Nevertheless, "[t]he

21  evidence of the non-movant is to be believed, and all justifiable

22  inferences are to be drawn in its favor."  *Liberty Lobby, Inc.*,

23  477 U.S. at 255.  A court's role on summary judgment is not to

24  weigh evidence or resolve issues; rather, it is to find genuine

25  factual issues.  *See Abdul-Jabbar v. G.M. Corp.*, 85 F.3d 407, 410

26  (9th Cir. 1996).

27

28                    V.    Legal Analysis

1

2          A.    RSA USA, Inc.

3

4          Central to the dispute between the parties is the

5     relationship between Defendant, the "larger umbrella group" of

6     which Defendant is allegedly a part, and Defendant's "affiliated

7     companies," of which Connecticut Indemnity Company is allegedly

8     one.  Defendant's Reply at 4.7-11.  Defendant identifies itself

9     as Royal & Sun Alliance USA, Inc. ("RSA USA").  Defendant's

10    Affidavit at 1, ¶ 1.  Defendant asserts that it is a "holding

11    company" incorporated in the State of Delaware, has its principle

12    place of business in the State of North Carolina, and is not

13    engaged in the business of handling workers' compensation

14    insurance claims nor engaged in marketing of insurance products

15    in the United [States.]  *Id.* at ¶ 4.  Defendant argues that a

16    "holding company," of which it claims to be one, and its

17    "affiliated companies," of which Connecticut Insurance,

18    Plaintiff's insurer is allegedly one, are distinct.  Defendant's

19    Reply at 4.7-11.  Defendant claims that as "the holding company

20    and the affiliated companies are not one in the same,"

21    Plaintiff's err in "attempt[ing] to meld the identities of

22    Defendant ..., the holding company, with that of affiliated

23    companies."  *Id.*  Defendant alleges that it is not an insurance

24    company nor does it issue insurance policies, including workers'

25    compensation insurance in the United States.  Defendant's

26    Affidavit at ¶¶ 2, 3.  As a result, Defendant claims that it

27    could not have entered into a contractual relationship with

28    Plaintiff Lion Raisins, Inc. arising from workers' compensation

                                    10

1  coverage and cannot be held liable for breach of contract,

2  negligence, or negligent or intentional misrepresentation.

3  Defendant's Motions at 4.2-7.9.

4       Plaintiff denies all of Defendant's statements of

5  uncontroverted facts.  *See* Plaintiff's Statement of Facts.

6  Plaintiff submits an exhibit that identifies Royal and Sun

7  Alliance Insurance Group PLC as the "parent" of Royal and Sun

8  Alliance USA.  Dunn Declaration at Exh. 6.  Plaintiff offers

9  another exhibit to show the existence of Royal and Sun Alliance

10 USA Insurance Pool, of which Connecticut Indemnity Co. is a

11 member.  *Id.*, Exh. 1; *see also* Defendant's Request for Judicial

12 Notice, Exh. 1, at 2.  As Defendant notes, Plaintiff appears to

13 believe that Defendant and Royal and Sun Alliance Insurance Group

14 PLC and/or Royal and Sun Alliance USA Insurance Pool are the same

15 companies.  *See* Defendant's Reply at 2.1-7, 4.7-11; Plaintiff's

16 Opposition at 2;  Dunn's Declaration at ¶¶ 2-10.  Plaintiff

17 alleges that "Defendant is a large European insurance company

18 that bought Connecticut Indemnity [Company] and uses it as a base

19 for operations in the United States."[4]  Plaintiff's Complaint at

20 2, ¶ 8; *see also* 8, ¶¶ 24-25.  Plaintiff also alleges that CIBUS

21 Insurance Services, Inc. "is authorized to write policies for

22 Defendant, and it wrote the policy at issue in this complaint."

23 *Id.* at 2, ¶ 8.  In support of this contention, Plaintiffs submit

24

25  _____

26       [4] At the time Plaintiff filed its complaint, it stated that
   "it may very well be that the Connecticut Indemnity Company and
27 Cibus Insurance Services will be substituted in by name as Doe
   Defendants but it is unknown at this time."  Plaintiff's
28 Complaint at 2, ¶ 8.

11

1    an inventory of workers' compensation claims from Lion Raisin

2    employees that was allegedly sent to it, and to CIBUS, by

3    Defendant.  Dunn's Declaration at 3, ¶ 9.  Plaintiff argues that

4    this inventory "clearly shows that Royal & Sun was involved in

5    all worker's compensation claims with respect to Lion Raisins,

6    Inc."  Plaintiff's Opposition at 2.9-10.

7         According to Plaintiff, "Royal & Sun Alliance provided the

8    worker's compensation coverage [for Lion Raisins], through

9    Connecticut Indemnity and CIBUS Insurance Services."  Dunn's

10   Declaration at 3-4, ¶ 9.  Plaintiff claims that "Defendant was

11   Lion's insurer for the policy year 2000."  Plaintiff's Complaint

12   at 6, ¶ 21.  Plaintiff alleges that "[o]n or about January 1,

13   2000 Plaintiff entered into a contract with Defendant for

14   Defendant to insure Plaintiff with respect to Plaintiff's state

15   mandated workers' compensation and employer's liability insurance

16   policy."  Plaintiff's Complaint at 3, ¶ 9.  Defendants failure to

17   properly investigate and report its findings causes Plaintiff's

18   WCIRB premiums to be higher than they otherwise would have been.

19        Defendant alleges that Plaintiff's characterizations blur

20   two crucial distinctions.  First, Defendant claims that Plaintiff

21   is "mixing and meshing the identities of Defendant and the larger

22   umbrella group of which Defendant is a part."  Defendant's Reply

23   at 2.2-5.  As Defendant claims, it and "and this group are [not]

24   one in the same" and that it maintains "separate identity."  *Id.*

25   2.1-7.  Second, Defendant claims Plaintiff is attempting "to meld

26   the identities of Defendant ('RSA USA Inc.'), the holding

27   company, with that of affiliated companies,"  Reply at 4.7-11.

28

1          1.    <u>RSA USA, Inc. and its Alleged "Larger Umbrella</u>

2             <u>Group"</u>

3

4      First, Defendant alleges that "*RSA USA, Inc.*, is a separate

5  entity among [a] number [of] companies that fall under this

6  umbrella group trade name."  Defendant's Reply at 4, n.1; *see*

7  *also* Defendant's Request for Judicial Notice, Exh. 1, at 2.   It

8  appears that "this" umbrella group is either "Royal & Sun

9  Alliance Insurance Group plc"' or "Royal & SunAlliance USA

10 Insurance Pool," but Defendant does not clearly state of which

11 "umbrella group" it is a part.  *Id.*  The document to which

12 Defendant points, however, in making this claim does not

13 distinguish between *RSA USA, Inc.*, the Royal & SunAlliance USA

14 Insurance Pool, and Royal & Sun Alliance Insurance Group PLC;

15 that is, *RSA USA, Inc.* is not listed as a separate "Company"

16 under the Royal & Sun Alliance USA Insurance Pool or Royal & Sun

17 Alliance Insurance Group PLC.  Defendant's Request for Judicial

18 Notice, Exh. 1, at 2.  The only reference to Royal and Sun

19 Alliance USA in the insurance report appears in the title "Royal

20 and Sun Alliance USA Insurance Pool."  *Id.*  As the Defendant

21 itself says, it "is not one of the listed insurance entities as a

22 rated company in this document.  No mention of Defendant is made

23 at all."  Defendant's Reply at 4.22-24.  It is not clear in what

24 way RSA USA Inc. is independent from Royal & Sun Alliance USA

25 Insurance Pool or Royal & Sun Alliance Insurance Group PLC.

26 Although Defendant relies upon the allegedly distinct status of

27 RSA USA Inc. in order to argue that it could not have issued

28 Plaintiff's insurance,  Defendant has not submitted a certificate

1 | or other evidence from the jurisdiction where it is incorporated;

2 | Plaintiff does not submit a certified copy of any insurance

3 | license showing Defendant is an insurer licensed to conduct

4 | workers comprehensive insurance business in California.

5 |

6 |         2.    <u>RSA USA, Inc. as a "Holding Company" and Alleged</u>

7 |              <u>Insurer</u>

8 |

9 |     Second, Defendant does not respond to Plaintiff's exhibits

10 | that question the distinction Defendant alleges between itself

11 | (as a holding company) and its affiliated companies.  Defendant

12 | claims that Plaintiff's submissions "do not demonstrate that

13 | Defendant RSA USA[,] Inc. issued policies to Plaintiff nor has

14 | employees ... [or] 'provides, or provided workers' compensation

15 | insurance.'"  Defendant's Reply at 5.9-14.  Defendant does not,

16 | though, explain why its name is associated with Plaintiff's

17 | worker's compensation reports or why it appears to have approved

18 | health coverage and a settlement amount for a Lion Raisins'

19 | employee.  *See* Dunn's Declaration, Exh. 3, 4, & 8.  For example,

20 | Plaintiff offers two letters from "Jennifer Schaffer, Sr. Claims

21 | Examiner," on "Royal & SunAlliance" letterhead, concerning the

22 | medical treatment and benefits for a single employee of Lion

23 | Raisins: Trinidad Huerta.  Dunn Declaration, Exh 3, 4.  Plaintiff

24 | claims that these letters demonstrate that Royal & Sun Alliance,

25 | which operates in California, sold worker's compensation

26 | insurance to Lion Raisins. Id. at 3, ¶ 7.  At the least it

27 | defeats summary judgment because it suggest RSA USA is

28 | participating in the insurance business.

1    Plaintiff submits a declaration which states that

2  "Plaintiff's insurance was issued through Connecticut Indemnity."

3  Dunn's Declaration at 2, ¶¶ 2, 3; Exh. 2; *see also* Defendant's

4  Reply at 2.12-26; 5.1-4.  The Connecticut Indemnity Company's

5  insurance policy with Lion Raisin (# CFS10027100) concerned

6  workers' compensation for motor carriers of property.  *See* Dunn's

7  Declaration at Exh. 2.  Plaintiff claims "Plaintiff's insurance

8  was issued through Connecticut Indemnity an insurance company

9  that is a wholly owned entity of Defendant, Royal & Sun

10 Alliance."  Dunn's Declaration at 2, ¶ 2.  Plaintiff supports

11 this contention with text pulled from Best's Insurance Reports-

12 Property/Casualty (2003), the same source which Defendant asks

13 this court to judicially notice.  While Plaintiff claims Best

14 shows that the Defendant is indistinct from Royal & Sun Alliance

15 Insurance Pool, Defendant claims the same document shows that RSA

16 USA, Inc. is an entity distinct from Royal & Sun Alliance

17 Insurance Pool or Royal & Sun Alliance Insurance Group PLC.

18    Plaintiff does not submit evidence in an effort to link

19 CIBUS to Defendant, as it attempts to do elsewhere with

20 Connecticut and Defendant.  Even with this omission, however,

21 substantial factual questions remain about Defendant's

22 relationship to the other companies in the "insurance pool" and

23 its own role in administering Plaintiff's workers comprehensive

24 insurance policies.

25

26    B.    Defendant's Motions

27

28    Defendant premises its 12(b)(6) motion on the claim:

15

"Plaintiff has sued the wrong entity."  Defendant's Motion at

3.22-23; *see also* 4.9-10; 5.16-17; 6.18-20.  Defendants provide

the affidavit of Linda Y. Pettigrew and the Best Insurance Report

to support its contention.

A motion to dismiss for failure to state a claim under Fed.

R. Civ. P. 12(b)(6) is not granted "unless it appears beyond

doubt that plaintiff can prove no set of facts in support of his

claim which would entitle him to relief."  Summary judgment is

warranted only "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any

material fact."  Fed. R. Civ. P. 56(c).  A 12(b)(6) motion

accepts the well-pleaded allegations of the complaint as true;

*i.e.*, that Defendant issued a workers compensation policy of

insurance on which recovery is sought.  It does not go beyond the

pleadings.  Only judicially noticeable facts that establish as a

matter of law this Defendant does no workers compensation

insurance business could defeat a 12(b)(6) motion.

Despite the ambiguities surrounding the relationship of

Defendant to the other companies discussed, the burden falls upon

the Plaintiff to identify the party that properly owes it the

duty.  Neither party disputes that Connecticut Indemnity Company

issued Plaintiff its insurance policy.  What is unclear is

whether Defendant played a role in issuing that issuance policy

and, if so, what that role was.  Even if Defendant had a role,

having such a role would not necessarily establish a duty between

Defendant and Plaintiff.  Connecticut Indemnity Company could use

third parties or agents, for example, to administer its policy.

16

1  Plaintiff's production of letterhead does not in itself establish

2  that Defendant acted as Plaintiff's insurer.  Plaintiff has not

3  established that there exists any relationship between Defendant

4  and itself.  Defendant's motion to dismiss is GRANTED, but

5  Plaintiff is given twenty days (20) leave to AMEND its complaint

6  from the time this decision is filed.

7

8                    VI.   Conclusion

9

10      Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P.

11      12(b)(6) is GRANTED;

12

13      Plaintiff is given twenty days (20) leave to AMEND its

14      complaint from the time this decision is filed;

15

16      Defendant's Motion for Summary Judgment Pursuant to Fed. R.

17      Civ. P. 56 is MOOT.

18

19

20

21  SO ORDERED.

22  DATED: January 26, 2004.

23

24

25  _____

26              Oliver W. Wanger

27        UNITED STATES DISTRICT JUDGE

28

                          17

United States District Court
for the
Eastern District of California
February 12, 2004


* * CERTIFICATE OF SERVICE * *


1:03-cv-06744


Lion Raisins Inc

    v.

Royal and Sun

---

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Eastern District of California.

That on  February 12, 2004, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office, or, pursuant to prior
authorization by counsel, via facsimile.

OWW DLB

Brian C Leighton
Law Offices of Brian Leighton
701 Pollasky
Clovis, CA  93612

Spencer Y Kook
Barger and Wolen
633 West 5th Street
Forty-Seventh Floor
Los Angeles, CA  90071


Jack L. Wagner, Clerk

BY: _____
    Deputy Clerk