Steven H. Weinstein (086724)
Spencer Y. Kook (205304)
BARGER & WOLEN LLP
633 West Fifth Street, 47th Floor
Los Angeles, California 90071
Telephone: (213) 680-2800
Facsimile: (213) 614-7399

Attorneys for Defendant
The Connecticut Indemnity Company

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LION RAISINS, INC.,<br><br>        Plaintiffs,<br><br>vs.<br><br>THE CONNECTICUT INDEMNITY COMPANY, a subsidiary of ROYAL & SUN ALLIANCE, AND DOES 1 through 10, inclusive,<br><br>        Defendants. | CASE NO.: CIV-F-03-6744<br><br>Discovery motions to be heard by Hon. Dennis L. Beck, Chief U.S. Magistrate Judge<br><br>**DISCOVERY MATTER- DEFENDANT CONNECTICUT INDEMNITY COMPANY'S NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO DEFENDANT'S REQUESTS FOR PRODUCTION AND VERIFIED RESPONSES TO DEFENDANT'S INTERROGATORIES; REQUEST FOR SANCTIONS**<br><br>[Fed. R. Civ. Proc. 33, 34; L.R. 37-251]<br><br>[Filed concurrently with Declaration of Spencer Y. Kook and exhibits thereto]<br><br>Date: May 13, 2005<br>Time: 9:00 a.m.<br>Crtrm: 5<br><br>Complaint Filed: Feb. 26, 2004 |

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

i:\office9\9937\023\05pleadings\mtn2compel.doc

TO PLAINTIFF LION RAISINS, INC. AND ITS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on May 13, 2005 at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 5 of the above-entitled Court, Defendant Connecticut Indemnity Company ("CIC") will move this Court for an order compelling Plaintiff to respond to CIC's First Set of Requests for Production and to provide verified responses to CIC's First Set of Interrogatories. Pursuant to Federal Rules of Civil Procedure 37(a)(4)(A), CIC also moves for an order that Plaintiff pay CIC the sum of $ 2705.00 as the reasonable costs and attorneys' fees incurred by CIC in connection with this proceeding.

This Motion is made following counsel for CIC's letter to counsel for Plaintiff requesting responses pursuant to Local Rule 37-251. Pursuant to Local Rule 37-251(e), a joint statement regarding the discovery disagreement is not required, as Plaintiff has failed to respond to CIC's Requests for Production and has failed to provide a verification to CIC's Interrogatories.

This Motion is based upon this Notice, the accompanying Memorandum of Law, the supporting declaration of Spencer Y. Kook, the pleadings, records and files herein, and upon such other oral or documentary evidence as may be presented at the hearing of this Motion.

Dated: April 15, 2005

BARGER & WOLEN LLP

By: _____
STEVEN H. WEINSTEIN
SPENCER Y. KOOK
Attorneys for Defendant The Connecticut Indemnity Company

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

i:\office9\9937\023\05pleadings\mtn2compel.doc

-i-

# MEMORANDUM OF LAW

## 1. INTRODUCTION

This motion is the result of Plaintiff Lion Raisins, Inc. ("Plaintiff") continued delay in providing a complete response to CIC's first set of discovery requests. On October 29, 2004, CIC served Plaintiff with Requests for Production of Documents and Interrogatories seeking information regarding the allegations in Plaintiff's Complaint. Plaintiff belatedly provided documents in response to the Requests for Production. However, Plaintiff refused to provide a formal written response to the document request. Without written responses, CIC has no way of determining whether Plaintiff has in fact complied with CIC's requests.

In addition, Plaintiff has failed to verify under oath its answers to CIC's Interrogatories. The lack of verification makes Plaintiff's responses practically useless. For two months CIC has repeatedly requested that Plaintiff provide this verification as well as written responses to it Requests for Production. The trial in this matter is approaching, and Plaintiff's continued delay is unacceptable. CIC asks that this Court put an end to Plaintiff's delay tactics and order that Plaintiff provide written responses to CIC's Requests for Production and verified responses to CIC's Interrogatories. Due to Plaintiff's failure to comply with the discovery provisions of the Federal Rules of Civil Procedure, CIC also requests that the Court order Plaintiff to pay CIC for the attorneys' fees and costs incurred in connection with this Motion.

## 2. STATEMENT OF FACTS

This litigation arises out of a workers' compensation policy issued to Plaintiff by CIC. Plaintiff is a large raisin processor doing business within the County of Fresno, California. Plaintiff alleges that CIC negligently handled workers' compensation claims made under the policy. (First Amended Complaint ("FAC"), ¶¶ 21-22.) Plaintiff further contends that CIC failed to properly discharge certain requirements regarding the execution and filing of audit reports submitted to the Workers' Compensation Insurance Rating Bureau. (FAC, ¶¶ 23-24.) Plaintiff claims that as a result of CIC's conduct, its workers' compensation premiums rose unnecessarily. (FAC, ¶ 24.) Based upon the foregoing allegations, Plaintiff claims causes of action for breach of contract,

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

i:\office9\9937\023\05pleadings\mtn2compel.doc                -1-

negligence, intentional misrepresentation and negligent misrepresentation and claims damages in excess of one million dollars. (FAC, ¶¶ 27-38.)

On October 29, 2004, CIC served its First Set of Requests for Production of Documents and Interrogatories on Plaintiff via United States mail. Declaration of Spencer Y. Kook ("Kook Decl."), ¶ 2-3 and Exhibits "A" and B" thereto. Plaintiff failed to serve timely responses to these requests. (Kook Decl., ¶ 4.) It was not until CIC filed a motion to compel responses that Plaintiff provided <u>anything</u> to CIC in response to the discovery requests. (Kook Decl., ¶ 4.) Specifically, in January 2005, Plaintiff belatedly provided CIC certain documents that were purportedly responsive to CIC's Requests for Production. (Kook Decl., ¶ 4.) Plaintiff also provided written responses to CIC's Interrogatories. (Kook Decl., ¶ 5.) However, Plaintiff failed to provide written responses to the Requests for Production and failed to provide a sworn verification to its interrogatory responses. (Kook Decl., ¶¶ 4-5.)

Counsel for CIC contacted counsel for Plaintiff on numerous occasions via telephone to inform Plaintiff that CIC had not received written responses to its Requests for Production or a verification for the interrogatory responses. (Kook Decl., ¶ 6.) On April 11, 2004, counsel for CIC sent counsel for Plaintiff a letter via facsimile reiterating CIC's request for the written responses and verification and notifying Plaintiff that if it failed to respond to the letter, CIC would be compelled to bring the matter before the Court. (Kook Decl., ¶ 7 and Exhibit "D" thereto.) To date, Plaintiff has not responded to this letter. (Kook Decl., ¶ 5.)

3. **CIC'S MOTION IS BROUGHT FOLLOWING PLAINTIFF'S TOTAL REFUSAL TO RESPOND TO CIC'S DISCOVERY REQUESTS**

Pursuant to Local Rule 37-251(e), a Joint Statement re Discovery Disagreement is not required for CIC's motion due to Plaintiff's failure to provide a response to the Requests for Production or to provide verified responses to CIC's Interrogatories. L.R. 37-251(e) and Author Commentary to L.R. 27-251. Although there are no discovery issues concerning the specific, individual discovery requests, for the convenience of the Court, CIC's Requests for Production are set forth below in their entirety.

## CIC'S REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**

All DOCUMENTS that RELATE TO the factual allegations in the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 2**

All DOCUMENTS that RELATE TO any COMMUNICATIONS between YOU and DEFENDANT.

**REQUEST FOR PRODUCTION NO. 3**

All DOCUMENTS that RELATE TO the sixteen (16) claims that YOU contend were "out of control" in paragraph 22 of the AMENDED COMPLAINT.

**REQUEST FOR PRODUCTION NO. 4**

All DOCUMENTS that RELATE TO all workers compensation claims that were handled by DEFENDANT.

**REQUEST FOR PRODUCTION NO. 5**

All DOCUMENTS that RELATE TO YOUR contention, as set forth in paragraph 22 of the COMPLAINT, that "Defendant was not enforcing the laws and the procedures and its contract obligations with Plaintiff."

**REQUEST FOR PRODUCTION NO. 6**

All DOCUMENTS that RELATE TO YOUR allegations in paragraphs 23, 24, 25, and 26 of the AMENDED COMPLAINT concerning the handling and reporting of audits to the WCIRB.

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

**REQUEST FOR PRODUCTION NO. 7**

All DOCUMENTS that RELATE TO YOUR contention, as set forth in paragraph 26 of the COMPLAINT, that "This conduct of Defendant also caused Plaintiffs X-mod premium for 2003 to increase over $500,000.00."

**REQUEST FOR PRODUCTION NO. 8**

All DOCUMENTS that RELATE TO YOUR contention, as set forth in paragraph 30 of the COMPLAINT, that "Plaintiff performed all conditions, covenants and promises required on its part to be performed in accordance with the terms and conditions of the written contract with the Defendant."

**REQUEST FOR PRODUCTION NO. 9**

All DOCUMENTS that RELATE TO YOUR contention, as set forth in paragraphs 30, 33, 36 and 38 of the AMENDED COMPLAINT, that Plaintiff suffered damage "in excess of one million dollars."

**REQUEST FOR PRODUCTION NO. 10**

All DOCUMENTS that RELATE TO the policy entered into on or about Jan. 1, 2000 with DEFENDANT, as described in paragraph 10 of the AMENDED COMPLAINT.

**REQUEST FOR PRODUCTION NO. 11**

All DOCUMENTS that RELATE TO COMMUNICATIONS between YOU and Cibus Insurance Company that RELATE TO DEFENDANT.

**REQUEST FOR PRODUCTION NO. 12**

All DOCUMENTS that RELATE TO COMMUNICATIONS between YOU and Cibus Insurance Company that RELATE TO the policy entered into on or about Jan. 1, 2000 with DEFENDANT, as described in paragraph 10 of the AMENDED COMPLAINT.

**REQUEST FOR PRODUCTION NO. 13**

All DOCUMENTS that RELATE TO COMMUNICATIONS between YOU and Cibus Insurance Company that RELATE TO claims made under the policy entered into on or about Jan. 1, 2000 with DEFENDANT, as described in paragraph 10 of the AMENDED COMPLAINT.

**REQUEST FOR PRODUCTION NO. 14**

All DOCUMENTS that RELATE claims made under the policy entered into on or about Jan. 1, 2000 with DEFENDANT, as described in paragraph 10 of the AMENDED COMPLAINT.

**REQUEST FOR PRODUCTION NO. 15**

All DOCUMENTS that RELATE TO audit reports concerning YOU from the year 2000 to the present.

**REQUEST FOR PRODUCTION NO. 16**

All DOCUMENTS that RELATE TO YOUR experience modification from the year 2000 to the present.

4. **PLAINTIFF MUST PROVIDE WRITTEN RESPONSES TO CIC'S REQUESTS FOR PRODUCTION**

The purpose of discovery is "to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *Oakes v. Halvorsen Marien Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998). To that end, Federal Rule of Civil Procedure 34(b) provides:

> The party upon whom the request is served shall serve a ***written response*** within 30 days after service of the request....The response ***shall state, with respect to each item or category***, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated.

(Emphasis added.) A formal, written response, signed by the party's attorney, must be provided to satisfy the requirements of Rule 34. *City of New York v. Permanent Mission of India to the United Nations*, 2004 U.S. Dist. LEXIS 23860 at *18 (S.D. N.Y Nov. 23, 2004). "[I]nformal representations[by counsel] are not an adequate substitute." *Id.*

Without a written response, CIC has no way of determining which documents Plaintiff has chosen to produce and which documents have not been produced. Moreover, without written responses, it cannot determine whether Plaintiff has provided all responsive documents within its possession, custody and control of whether they are refusing to produce documents because of privilege. The latter point is critical given the fact that Plaintiff failed to timely respond to CIC's discovery requests and, therefore, have waived their objections. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). CIC has attempted in good faith to meet and confer with Plaintiff in order to obtain responses without having to go to the Court. Fed. R. Civ. Proc. 37(a)(2)(B). However, to date, Plaintiff has also failed to respond to CIC's communications.

CIC's motion is straightforward. CIC simply asks the Court to compel Plaintiff to adhere to the discovery rules set forth in the Federal Rules of Civil Procedure. For each and every category of documents requested in the Requests for Production, CIC asks that the Court order Plaintiff to do the following: (1) provide a formal written response to the request, without objection; (2) indicate whether or not Plaintiff has within its possession or control any documents responsive to that request; and (3) provide a written explanation if certain documents have been lost or destroyed.

5. **PLAINTIFF MUST PROVIDE A VERIFICATION TO ITS RESPONSES TO CIC'S INTEROGATORIES**

Federal Rule of Civil Procedure 33(b) provides that "each interrogatory shall be answered separately and fully in writing ***under oath***." (Emphasis added.) The interrogatory procedure under Rule 33 is intended to permit parties to ascertain facts, procure evidence and obtain admissions from their adversary, thereby limiting the matters in dispute to avoid the unnecessary appearance of witnesses and waste of time of the parties and the court. *Drum v. Tonawanda*, 13 F.R.D. 317, 319 (W.D. N.Y. 1952). Consequently, a party responding to interrogatories must provide a sworn

statement verifying the truthfulness of the responses. *See Layman v. Combs*, 1988 U.S. Dist. LEXIS 18517 at *4 (N.D. Cal. 1988) (ordering that responding party "must attest under penalty of perjury that the information provided is true and correct of their own personal knowledge except as to matters therein stated to be alleged on information and belief, and as to those matters, they believe them to be true").

As with the responses to the Requests for Production, CIC has attempted in good faith to meet and confer with Plaintiff to attempt to obtain a sworn verification without having to go to the Court. Fed. R. Civ. Proc. 37(a)(2)(B). Plaintiff has failed to respond to CIC's numerous requests. Accordingly, CIC asks to Court to order Plaintiff to verify its responses to CIC's interrogatories and to update their responses to include information in its possession as of the date the verifications are signed. *Layman, supra* at * 4.

6. **PLAINTIFF IS SUBJECT TO SANCTIONS FOR FAILURE TO RESPOND TO CIC'S REQUESTS FOR PRODUCTION**

A party who fails to provide a written response to a request for production is subject to sanctions even in the absence of a prior order. Fed. R. Civ. Proc. 37(d); *Hilao v. Estate of Marcos*, 103 F.3d 762, 764-65 (9th Cir. 1996). Moreover, the fact that any of CIC's requests might have been objectionable does not excuse Plaintiff's failure to respond. Fed. R. Civ. Proc. 37(d); *see also Badalamenti v. Dunham's, Inc.*, 896 F.2d 1359, 1362 (Fed. Cir. 1990). By reason of Plaintiff's failure to comply with CIC's discovery requests, CIC has incurred costs and attorneys' fees in the amount of $1205.00 and expects to incur an additional $1500.00 in drafting a reply and appearing for argument on this motion. These expenses are fully detailed in the Kook Declaration at paragraphs 6-8. CIC requests that the Court award CIC its costs and fees incurred as this motion was substantially justified and there is no genuine dispute as to Plaintiff's obligation to respond to these discovery requests. Fed. R. Civ. Proc. 37(a)(4).

## 7. CONCLUSION

Based on the foregoing, CIC respectfully requests that the Court grant its Motion.

Dated: April 15, 2005                                           BARGER & WOLEN LLP

By: _____
STEVEN H. WEINSTEIN
SPENCER Y. KOOK
Attorneys for Defendant The Connecticut
Indemnity Company