1  Steven H. Weinstein (086724)
   Spencer Y. Kook (205304)
2  BARGER & WOLEN LLP
   633 West Fifth Street, 47th Floor
3  Los Angeles, California  90071
   Telephone:  (213) 680-2800
4  Facsimile:  (213) 614-7399

5  Attorneys for Defendant
   Connecticut Indemnity Company
6

7                    UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9

10 LION RAISINS, INC.,                    )   CASE NO.: CIV-F-03-6744
                                          )
11          Plaintiffs,                   )
                                          )   Discovery motions to be heard by
12     vs.                                )   Hon. Dennis L. Beck, Chief U.S. Magistrate
                                          )   Judge
13                                        )
   THE CONNECTICUT INDEMNITY              )   **DISCOVERY MATTER- DECLARATION
14 COMPANY, a subsidiary of ROYAL & SUN   )   OF SPENCER Y. KOOK IN SUPPORT OF
   ALLIANCE, AND DOES 1 through 10,       )   DEFENDANT CONNECTICUT
15 inclusive,                             )   INDEMNITY COMPANY'S MOTION TO
                                          )   COMPEL PLAINTIFF LION RAISINS,
16          Defendants.                   )   INC. TO RESPOND TO DEFENDANT'S
                                          )   FIRST SET OF REQUESTS FOR
17                                        )   PRODUCTION AND PROVIDE
                                          )   VERIFIED RESPONSES TO
18                                        )   DEFENDANT'S FIRST SET OF
   ─────────────────────────────────     )   INTERROGATORIES**

19                                            [Filed concurrently with Notice of Motion and
20                                            Motion to Compel]

21                                            Date:   May 13, 2005
                                              Time:   9:00 a.m.
22                                            Ctrm:  5

23                                            Complaint Filed:      Feb. 26, 2004

24

25

26

27

28

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

i:\office9\9937\023\05pleadings\mtn2compel- kook dec.doc

# DECLARATION OF SPENCER Y. KOOK

I, Spencer Y. Kook, declare as follows:

1.    I am an attorney duly licensed to practice law in the State of California and admitted to practice in the United States District Court for the Eastern District of California.  I am an associate with the law firm of Barger & Wolen, LLP, and I am one of the attorneys with primary responsibility for handling the above-captioned matter on behalf of Defendant Connecticut Indemnity Company ("CIC").  All of the following facts are within my personal knowledge and, if called as a witness, I would and could testify competently as to such matters.

2.    On October 29, 2004, I caused to be served by mail CIC's First Set of Requests for Production of Documents propounded upon Plaintiff Lion Raisins, Inc. ("Plaintiff").  A true and correct copy of the Request for Production of Documents is attached hereto as Exhibit "A."

3.    On October 29, 2004, I also caused to be served by mail CIC's First Set of Interrogatories propounded upon Plaintiff Lion Raisins, Inc. ("Plaintiff").  A true and correct copy of the Interrogatories is attached hereto as Exhibit "B."

4.    It was not until I filed a motion to compel responses to CIC's First Set of Requests for Production and Interrogatories on December 28, 2004, that I received any response from Plaintiff regarding responses to CIC's discovery requests.  On or about January 28, 2005, I received documents from Plaintiff that were gathered in bundles and labeled with notes purportedly stating the request to which the documents in each bundle was responsive.   However, Plaintiff has failed to provide a signed, written response to CIC's Requests for Production.

5.    On February 15, 2005, I received, via facsimile, Plaintiff's responses to CIC's Interrogatories.  The responses did not include a sworn verification from Plaintiff.  A true and correct copy of Plaintiff's responses are attached hereto as Exhibit "C."

6.    Thereafter, on several occasions, I contacted counsel for Plaintiff via telephone and informed him that I had not received written responses to CIC's Requests for Production or a verification to Plaintiff's responses to CIC's interrogatories.

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

i:\office9\9937\023\05pleadings\mtn2compel- kook dec.doc          -1-

7. On April 11, 2005, I sent counsel for Plaintiff a letter via facsimile again reiterating the fact that Plaintiff had failed to provide written requests to CIC's Requests for Production or a verification to Plaintiff's interrogatory responses. The letter also stated that if I did not receive those documents by Friday, April 15, CIC would file the present motion. A true and correct copy of that letter is attached hereto as Exhibit "D."

8. As of the date of this declaration, I have not received Plaintiff's written responses to the Requests for Production or a verification to its responses to CIC's Interrogatories.

9. Ms. Katherine L. Nichols, an associate with this office, has spent approximately 4.7 hours conducting the research, drafting and revising CIC's Motion to Compel Plaintiff Lion Raisins, Inc. to Provide Responses to Defendant's Requests for Production and Verified Responses to Defendant's Interrogatories ("Motion") and accompanying declaration. Her billing rate is $190.00 per hour.

9. I have spent approximately 1.2 hours in reviewing and revising the Motion and accompanying declaration. My billing rate is $260.00 per hour. I also anticipate spending at least five hours in preparing for and attending the hearing on the Motion. In addition, CIC will incur approximately $200.00 in expenses for copying, filing and travel expenses in connection with this Motion.

10. All told, I anticipate that CIC has incurred or will have incurred approximately $2705.00 in attorneys' fees and costs as a result of Plaintiff's failure to sufficiently respond to CIC's discovery requests.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 15th day of April 2005, at Los Angeles, California.

SPENCER Y. KOOK

ORIGINAL

1  Steven H. Weinstein (086724)
   Spencer Y. Kook (205304)
2  BARGER & WOLEN LLP
   633 West Fifth Street, 47th Floor
3  Los Angeles, California 90071
   Telephone: (213) 680-2800
4  Facsimile: (213) 614-7399

5  Attorneys for Defendant
   THE CONNECTICUT INDEMNITY COMPANY
6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  LION RAISINS, INC.,                    )   CASE NO.: CIV-F-03-6744
                                           )
12              Plaintiff,                  )   DEFENDANT CONNECTICUT
                                           )   INDEMNITY COMPANY'S REQUEST TO
13         vs.                              )   PRODUCE DOCUMENTS, SET ONE, TO
                                           )   PLAINTIFF LIONS RAISINS, INC.
14  THE CONNECTICUT INDEMNITY               )
    COMPANY, a subsidiary of ROYAL & SUN    )
15  ALLIANCE, AND DOES 1 through 10,        )   Complaint Filed:   Feb. 26, 2004
    inclusive,                             )
16                                          )
                Defendants.                 )
17  _____)

18

19

20

21

22

23

24

25

26

27

28

i:\office9\9937\023\04pleadings\rsp_1.doc

Exhibit A, Page 4

1    Pursuant to Federal Rules of Civil Procedure Rule 34, Defendant Connecticut Indemnity

2  Company ("Defendant") hereby requests Plaintiff Lion Raisins, Inc. ("Plaintiff"), by and through

3  their counsel, to produce the documents and things listed below.

4    For the purposes of this request, the terms below will have the following meanings:

5    "YOU" and "YOUR" shall mean the Plaintiff Lion Raisins, Inc.

6    ""AMENDED COMPLAINT" as used herein shall mean or refer to YOUR FIRST

7  Amended Complaint for Breach of Contract, Negligence and Damages, dated February 26, 2004.

8    "DEFENDANT" shall mean Connecticut Indemnity Company.

9    "DOCUMENT(S)" shall mean any documents, business records, letters, memoranda,

10  notes, work papers, drafts, copies, inter-office and intra-office COMMUNICATIONS and

11  messages, drawings, graphic material, whether created or stored in written, printed, tangible,

12  electronic, mechanical, or electrical form of any kind, including material on computer hard drives,

13  tapes, disks, files, and other memories, backup copies and "deleted" files.

14    "COMMUNICATIONS" shall mean all oral conversations, discussions, letters,

15  telegrams, memoranda, e-mail, facsimile transmissions, and any other transmission of information

16  in any form, both oral and written.

17    "RELATE TO" shall mean refer to, mention, discuss, analyze, evidence, reflect,

18  document, support, or otherwise state or cite to.

19

20    **REQUESTS FOR PRODUCTION**

21  **REQUEST FOR PRODUCTION NO. 1**

22    All DOCUMENTS that RELATE TO the factual allegations in the COMPLAINT.

23

24  **REQUEST FOR PRODUCTION NO. 2**

25    All DOCUMENTS that RELATE TO any COMMUNICATIONS between YOU and

26  DEFENDANT.

27

28

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

i:\office9\9937\023\04pleadings\rsp_1.doc          Exhibit A, Page 5

1  **REQUEST FOR PRODUCTION NO. 3**

2       All DOCUMENTS that RELATE TO the sixteen (16) claims that YOU contend were

3  "out of control" in paragraph 22 of the AMENDED COMPLAINT.

4

5  **REQUEST FOR PRODUCTION NO. 4**

6       All DOCUMENTS that RELATE TO all workers compensation claims that were handled

7  by DEFENDANT.

8

9  **REQUEST FOR PRODUCTION NO. 5**

10       All DOCUMENTS that RELATE TO YOUR contention, as set forth in paragraph 22 of

11  the COMPLAINT, that "Defendant was not enforcing the laws and the procedures and its contract

12  obligations with Plaintiff."

13

14  **REQUEST FOR PRODUCTION NO. 6**

15       All DOCUMENTS that RELATE TO YOUR allegations in paragraphs 23, 24, 25, and 26

16  of the AMENDED COMPLAINT concerning the handling and reporting of audits to the WCIRB.

17

18  **REQUEST FOR PRODUCTION NO. 7**

19       All DOCUMENTS that RELATE TO YOUR contention, as set forth in paragraph 26 of

20  the COMPLAINT, that "This conduct of Defendant also caused Plaintiffs X-mod premium for 2003

21  to increase over $500,000.00."

22

23  **REQUEST FOR PRODUCTION NO. 8**

24       All DOCUMENTS that RELATE TO YOUR contention, as set forth in paragraph 30 of

25  the COMPLAINT, that "Plaintiff performed all conditions, covenants and promises required on its

26  part to be performed in accordance with the terms and conditions of the written contract with the

27  Defendant."

28

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

Exhibit A, Page 6

**REQUEST FOR PRODUCTION NO. 9**

All DOCUMENTS that RELATE TO YOUR contention, as set forth in paragraphs 30, 33, 36 and 38 of the AMENDED COMPLAINT, that  Plaintiff suffered damage "in excess of one million dollars."

**REQUEST FOR PRODUCTION NO. 10**

All DOCUMENTS that RELATE TO the policy entered into on or about Jan. 1, 2000 with DEFENDANT, as described in paragraph 10 of the AMENDED COMPLAINT.

**REQUEST FOR PRODUCTION NO. 11**

All DOCUMENTS that RELATE TO COMMUNICATIONS between YOU and Cibus Insurance Company that RELATE TO DEFENDANT.

**REQUEST FOR PRODUCTION NO. 12**

All DOCUMENTS that RELATE TO COMMUNICATIONS between YOU and Cibus Insurance Company that RELATE TO the policy entered into on or about Jan. 1, 2000 with DEFENDANT, as described in paragraph 10 of the AMENDED COMPLAINT.

**REQUEST FOR PRODUCTION NO. 13**

All DOCUMENTS that RELATE TO COMMUNICATIONS between YOU and Cibus Insurance Company that RELATE TO claims made under the policy entered into on or about Jan. 1, 2000 with DEFENDANT, as described in paragraph 10 of the AMENDED COMPLAINT.

**REQUEST FOR PRODUCTION NO. 14**

All DOCUMENTS that RELATE claims made under the policy entered into on or about Jan. 1, 2000 with DEFENDANT, as described in paragraph 10 of the AMENDED COMPLAINT.

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

Exhibit A, Page 7

1  **REQUEST FOR PRODUCTION NO. 15**

2       All DOCUMENTS that RELATE TO audit reports concerning YOU from the year 2000

3  to the present.

4

5  **REQUEST FOR PRODUCTION NO. 16**

6       All DOCUMENTS that RELATE TO YOUR experience modification from the year

7  2000 to the present.

8

9  Dated:  October 29, 2004                    BARGER & WOLEN LLP

10

11                       By:

12                           STEVEN H. WEINSTEIN
                             SPENCER Y. KOOK

13                           Attorneys for Defendant
                             The Connecticut Indemnity Company

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

Exhibit A, Page 8

## PROOF OF SERVICE

*Lion Raisins, Inc. v. Royal & SunAlliance*
Case No. CIV-F-03-6744

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is: Barger & Wolen LLP, 633 West Fifth Street, 47ᵗʰ Floor, Los Angeles, California 90071.

      On October 29, 2004, I served the foregoing document described as **DEFENDANT CONNECTICUT INDEMNITY COMPANY'S REQUEST TO PRODUCE DOCUMENTS, SET ONE, TO PLAINTIFF LION RAISINS, INC.** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelope addressed as follows:

Brian C. Leighton, Esq.                    *Counsel for Plaintiff*
Law Offices
701 Pollasky
Clovis, CA  93612

[X] **BY MAIL**

    [X] I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]    **(FEDERAL)**     I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  Executed at Los Angeles, California on October 29, 2004.

_____
Regina Arroyo

BARGER & WOLEN LLP
633 WEST FIFTH STREET
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

i:\office9\9937\023\04pleadings\proof_fed.doc

ORIGINAL

1  Steven H. Weinstein (086724)
   Spencer Y. Kook (205304)
2  BARGER & WOLEN LLP
   633 West Fifth Street, 47th Floor
3  Los Angeles, California 90071
   Telephone: (213) 680-2800
4  Facsimile: (213) 614-7399

5  Attorneys for Defendant
   THE CONNECTICUT INDEMNITY COMPANY

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  LION RAISINS, INC.,                  )  CASE NO.: CIV-F-03-6744
                                         )
12              Plaintiff,               )  DEFENDANT CONNECTICUT
                                         )  INDEMNITY COMPANY'S SPECIALLY
13       vs.                             )  PREPARED INTERROGATORIES, SET
                                         )  ONE, TO PLAINTIFF
14  THE CONNECTICUT INDEMNITY            )
    COMPANY, a subsidiary of ROYAL & SUN )
15  ALLIANCE, AND DOES 1 through 10,     )  Complaint Filed:   Feb. 26, 2004
    inclusive,                           )
16                                       )
                Defendants.              )
17  _____ )

18

19

20

21

22

23

24

25

26

27

28

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

i:\office9\9937\023\04pleadings\spec_rogs_1.doc

Exhibit B, Page 10

1  **INTERROGATORY NO. 4**

2      State, with specificity, all facts on which YOU base YOUR contention, as set forth in

3  paragraph 22 of the AMENDED COMPLAINT, that DEFENDANT "was not enforcing the laws

4  and the procedures and its contract obligations with Plaintiff."

5

6  **INTERROGATORY NO. 5**

7      IDENTIFY each person who has knowledge of the facts supporting your allegations in

8  paragraphs 23, 24, 25, and 26 of the AMENDED COMPLAINT concerning the handling and

9  reporting of audits to the WCIRB.

10

11  **INTERROGATORY NO. 6**

12      State, with specificity, all facts on which YOU base YOUR contention, as set forth in

13  paragraph 26 of the AMENDED COMPLAINT, that DEFENDANT's conduct "caused Plaintiffs X-

14  mod premium for 2003 to increase over $500,000.00."

15

16  **INTERROGATORY NO. 7**

17      State, with specificity, all facts on which YOU base YOUR contention, as set forth in

18  paragraphs 30, 33, 36 and 38 of the AMENDED COMPLAINT, that Plaintiff suffered damage "in

19  excess of one million dollars."

20

21  **INTERROGATORY NO. 8**

22      IDENTIFY each person who has knowledge of the facts supporting your allegations in

23  paragraphs 30, 33, 36 and 38 of the AMENDED COMPLAINT, that Plaintiff suffered damage "in

24  excess of one million dollars."

25  / / /

26  / / /

27  / / /

28  / / /

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

Exhibit B, Page 11

1   Dated:  October 29, 2004                    BARGER & WOLEN LLP

2

3                                              By: _____

4                                                  STEVEN H. WEINSTEIN
                                                   SPENCER Y. KOOK
                                                   Attorneys for Defendant
5                                                  The Connecticut Indemnity Company

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

Exhibit B, Page 12

**PROOF OF SERVICE**

*Lion Raisins, Inc. v. Royal & SunAlliance*
Case No. CIV-F-03-6744

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

  I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is: Barger & Wolen LLP, 633 West Fifth Street, 47th Floor, Los Angeles, California 90071.

  On October 29, 2004, I served the foregoing document described as **DEFENDANT CONNECTICUT INDEMNITY COMPANY'S SPECIALLY PREPARED INTERROGATORIES, SET ONE, TO PLAINTIFF** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelope addressed as follows:

Brian C. Leighton, Esq.       *Counsel for Plaintiff*
Law Offices
701 Pollasky
Clovis, CA  93612

[X] **BY MAIL**

 [X] I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]  **(FEDERAL)**   I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  Executed at Los Angeles, California on October 29, 2004.

              _____
               Regina Arroyo

BARGER & WOLEN LLP
633 WEST FIFTH STREET
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

i:\office9\9937\023\04pleadings\proof_fed.doc

Exhibit B, Page 13

1  BRIAN C. LEIGHTON, CA BAR # 090907
   Attorney at Law
2  701 Pollasky Avenue
   Clovis, California 93612
3  Telephone: (559) 297-6190

4  Attorney for Plaintiff, LION RAISINS, INC.

5

6

7

8              **UNITED STATES DISTRICT COURT**

9        **EASTERN DISTRICT OF CALIFORNIA AT FRESNO**

10

| | |
|---|---|
| 11  LION RAISINS, INC.,                )   | CASE NO.  CIV-F-03-6744 |
| 12                Plaintiff,           )   | **PLAINTIFF'S RESPONSE TO** |
|                                        )   | **DEFENDANT'S SPECIALLY** |
| 13          v.                         )   | **PREPARED INTERROGATORIES,** |
|                                        )   | **SET NO. ONE** |
| 14  THE CONNECTICUT INDEMNITY          )   | |
|     COMPANY, a subsidiary of           )   | |
| 15  ROYAL & SUN ALLIANCE, AND          )   | Complaint Filed: February 26, 2004 |
|     DOES 1 through 10, inclusive,      )   | |
| 16                                     )   | |
|                  Defendants.           )   | |
| 17  _____     )   | |

18        Pursuant to Federal Rules of Civil Procedure, Rule 33, Plaintiff, Lion Raisins, Inc. (hereinafter

19  "Plaintiff") by and through its counsel, hereby responds to Defendant's, The Connecticut Indemnity

20  Company's, specially prepared interrogatories as follows:

21  **INTERROGATORY NO. 1**

22        Identify the sixteen (16) cases that YOU "considered out of control" as alleged in paragraph 22

23  of YOUR AMENDED COMPLAINT. (For purposes of this interrogatory, "Identify" shall mean to state

24  the claim number and the individual at issue in that claim.)

25  ///

26  ///

27

28
_____
PLAINTIFF'S RESPONSE TO DEFENDANT'S SPECIALLY
PREPARED INTERROGATORIES, SET NO. ONE

1 **RESPONSE TO INTERROGATORY NO. 1**

2      Plaintiff has identified the sixteen (16) cases that Lion has "considered out of control" as alleged

3 in paragraph 22 of Lion's Amended Complaint by providing said documents in response to Defendant's

4 Request for Production of Documents.

5 **INTERROGATORY NO. 2**

6      State, with specificity, all facts on which YOU base YOUR contention, as set forth in paragraph

7 22 of the AMENDED COMPLAINT, that sixteen (16) claims were "out of control."

8 **RESPONSE TO INTERROGATORY NO. 2**

9      **Case No. 1:** Arturo Delatore – Non-specific soft tissue strain (exacerbation of previous injury

10 from 9/23/99). Employee was still being treated for, and was on moderate duty for previous injury.

11 Case was disputed by Plaintiff but was accepted with no apportionment to previous open claim from

12 1999. This employee has never been scheduled for a qualified medical examiner (QME) nor referred

13 to an agreed medical examiner (AME) for ruling of injuries. Defendant accepted the claim and allowed

14 it without management of the case to remain open and active.

15      **Case No. 2:** Eddie Bragas – Head injury during the policy year 1/1/00-1/1/01. Bragas was

16 hospitalized. He was released to the care of his mother in the Spring of 2001. Case was not objected

17 to by Defendant at any time. Subsequently Bragas was witnessed performing multiple physical activities

18 outside of his stated disabilities and restrictions. His vocational rehabilitation was as a locksmith and

19 Bragas claimed severe vertigo so he could not drive. He has since been observed driving, riding a bike,

20 doing mechanical work and playing soccer. Cambrige knows about this but the initial suspicion and

21 request was made in July of 2001.

22      **Case No. 3:** Macario Armenta – Spinal injury to the sacral region (tail bone). Initial doctor

23 report verified injury to tail bone and the employee was released to moderate duty. On 10/24/00 Fresno

24 Imaging verified that (1) there was an injury to the L5-S1 spine but that this was degenerative in nature;

25 (2) did not mention or image any part of the cervical spine. On 10/26/00 Dr. Ahmed noted a shoulder

26 impingement and disc herniation at C3-4. This was not mentioned in the first report of injury nor

27

28

1  subsequent doctor's visits.  Due to this alone the case should have been referred to an attorney and QME

2  or AME should have been pursued.  Neither were suggested by Defendant until November of 2001.

3       **Case No. 4:**  Alberto Cortez – Cortez was punched after physically assaulting another employee.

4  His injury of a fractured nose was repaired and he was to return to full duty on May 31, 2000 but never

5  returned.  Subsequently he received two surgeries to clear up issues regarding through his nose and the

6  slight scarring left.  Defendant's failure to obtain medical records verifying that Mr. Cortez suffered from

7  severe allergies led to these surgeries.

8       **Case No. 5:**  Mary Duran – Slip and fall.  Diagnosed with shoulder impingement and

9  degenerative disc at C4, 5 & 6.  However upon further diagnosis at Woodward Park Radiology it was

10  discovered that she suffered from advanced degeneration from her cervical spine through her lumbar

11  spine area.  Upon discovery of this scan, medical records should have been requested to verify pre-

12  existence of problem.  They were not, nor was a QME or AME pursued in the interest of settlement.

13       **Case No. 6:**  Frank Garcia – Employee slipped off a ladder. Diagnosis indicated that the rib

14  contusion is noted and verified, but that the shoulder/neck injury is noted as self limited and when the

15  patient is distracted his range of motion improves significantly.  Further the patient tested positive for

16  cocaine and methamphetamine.  This case should have been requested to a QME or AME and assigned

17  to counsel immediately as the positive drug test disqualifies an applicant from pursuing the injury.

18       **Case No. 7:**  Hesiquio Gomes – Miniscus tear – injured on March of 2000; surgery to repair

19  miniscus by Dr. Castonguay in August of 2000.  Full repair by arthoscopic surgery and there was no

20  denotation of other ligament tendon tears and full recovery expected.  Subsequently he was treated for

21  pre-existing diabetes and heart issues unrelated to the tear and was schedule for a full knee replacement

22  by Dr. Castonguay, even after Dr. Castonguay noted in his post-op report that no further treatment

23  (surgeries) were needed.

24       **Case No. 8:**  Trinidad Huerta – Foot, leg and back.  Employee claimed a foot/leg sprain.

25  Doctor's initial report noted hypersensitivity in his back and a self regulated pain threshold.  It is noted

26  by the AME from 9/01 of a pre-existing degeneration disc condition.  Prior to the 9/01 AME no attempts

27

28

1  at obtaining medical records for AME/QME reports were done. Also, credible information was obtained

2  suggesting the employee was lying. Defendant declined to investigate but Lion retained a PI and

3  obtained video of the employee running, jumping, lifting, squatting and other various issues that he was

4  said not to be able to do. Lion notified Jackie Koch, employed by the Defendant, which is noted in the

5  file. The case is set to be referred to the DA Fraud Unit.

6  **Case No. 9:** Ben Gomez – Two doctors, four chiropractors, three attorneys, neurological

7  conduction tests, numerous MRI's and X-Rays and a neurologist. During this case paperwork was not

8  received by the applicant, paperwork was not sent by Defendant. At one point Gomez was being seen

9  by Plaintiff's doctor and Dr. Arkelian with opposite findings. Gomez had well documented pre-existing

10  conditions caused by a previous surgery (that he filed a malpractice suit for) and an auto accident. None

11  of that was requested by Defendant until well into 2001, after pressure from Plaintiff. No less than four

12  claim specialists worked on this case. The designated treating physician was Dr. Arkelian, but after that

13  designation Gomez saw and gained various restrictions and opinions from three other doctors between

14  January of 2001 and 2002. Gomez was stated to be permanent and stationary on April of 2001, but his

15  restriction and condition continued to change and be modified depending on the doctor he saw.

16  **Case No. 10:** Ruben Leyva – Non-specific lower back strain. There is no indication that the

17  employee designated a treating physician, however because he was notified of his layoff from Plaintiff

18  prior to reporting the injury he left Lion without seeking medical attention by Lion's own doctor. This,

19  in and of itself is cause to delay the case and/or request immediate QME. The employee complained of

20  lower back injuries, but the only MRI done was of his neck. The permanent disability rates were

21  between 18.2% and 5%, and at this percentage the applicant would not be eligible for vocational

22  rehabilitation, but instead it was offered by Defendant.

23  **Case No. 11:** Andreas Martinez – Broken arm. Mr. Martinez first reported that he had fallen

24  off a trailer but he subsequently reported that he hit his elbow while reaching for a box and the box fell

25  on him. He was released to full duty on 1/25/01 but was rated at 17% disability on 11/17/02 over 18

26  months later.

27

28

PLAINTIFF'S RESPONSE TO DEFENDANT'S SPECIALLY
PREPARED INTERROGATORIES, SET NO. ONE

1   **Case No. 12:**  Procopio Venegas – Back strain.  67 year old farm laborer from the age of 16.

2   Diagnosed with compression of lumbar vertebra 5 and sacral vertebra 1, but previous records show

3   severe spinal degeneration and arthritis.  Employee was laid off in September of 2000 but reported the

4   injury in January of 2001.  There is even evidence to suggest that he was not even working during the

5   time of the alleged injury.  Defendant did nothing about this.

6   **Case No. 13:**  Isom Bailes – A claim was signed on September of 2001, but the employee stated

7   the injury occurred in March of 2000.  Nothing was done by Defendant.

8   **Case No. 14:**  Fermin Mendez – Employee purportedly fell into 160 degree water.  On May 18,

9   2001 the employee saw his doctor for the last time.  The doctor did not state the disability of his patient

10  and in fact nobody bothered to follow up to discover his status until the fall of 2001.

11  **Case No. 15:**  Ignacio Rodriguez – Abrasions and strain to the ulnar cruciate ligament.

12  Employee had surgery on 9/28/01, ten months after the injury.  Permanent and stationery was not

13  established until March of 2003.  No QME or AME was suggested during this time.

14  **Case No. 16:**  Gilbert Garcia – Non-specific back-injury of June of 2000.  The first notification

15  of acceptance was July of 2000.  No other correspondence from Defendant is noted until 2001.

16  Defendant did not pursue or monitor the treatment of the employee.  Defendant was advised that

17  employer was disputing the injury due to witness report.

18  **INTERROGATORY NO. 3**

19  IDENTIFY each person who has knowledge of the facts supporting your contention in paragraph

20  22 of the AMENDED COMPLAINT that sixteen (16) claims were "out of control."  (For purposes of

21  these Interrogatories, the tem "IDENTIFY," when used in reference to a person, means to state (1) the

22  person's name; (2) the person's last known residential address and telephone number; (3) the person's

23  last known business address and telephone number; and 94) the name for the company and entity for

24  whom the person is currently employed or was last employed.)

25  **RESPONSE TO INTERROGATORY NO. 3**

26  (* to the left of name indicates a Royal & Sun Alliance employee)

27

28

PLAINTIFF'S RESPONSE TO DEFENDANT'S SPECIALLY
PREPARED INTERROGATORIES, SET NO. ONE

1.   Sean Dunn, (559) 499-1014, 546 N. Ferger Ave., Fresno, CA 93728

2.   Jane Woodcock, 725 Pollasky Ave #111, Clovis, CA 93612, (559) 323-2560

*3.   Jennifer Schaffer, RSA Walnut Creek office (800) 523-6269, 1600 Rivira Ave, P.O. Box 8166, Walnut Creek, CA 94596-8166

*4.   Jackie Koch, RSA Walnut Creek office - (see above)

5.   Muslim Wahab, Hanna Brophy, P.O. Box 26840 (93729-6840) (559) 435-9823

6.   Gitta Merril, Hanna Brophy, P.O. Box 26840 (93729-6840) (559) 435-9823

7.   Jennifr Taggard - unknown

*8.   Karen Ward - RSA Walnut Creek office (see above)

9.   Michal Robinette, MD, Jobcare, 1142 Rose Ave, Selma, CA 93662 (559) 891-8940

*10.   Mercedes McMichael - RSA Walnut Creek office

11.   Shelli Wing-Small, Cambige Intgiated Lewis, P.O. Box 15901, Sacramento, CA 95852 (916) 638-8300

12.   Jeff Keena, Cambige Intgiated Lewis, P.O. Box 15901, Sacramento, CA 95852 (916) 638-8300

*13.   Addie Weisburg, RSA Walnut Creek Office

*14.   Charlotte Dossa, RSA Walnut Creek Office

*15.   Julie Waters, RSA Walnut Creek Office

*16.   David Henderson, RSA Walnut Creek Office

17.   Brian O'Farrell, Walter Clark & Assoc., Fresno, CA (559) 222-0300

*18.   Maria DaSilva, RSA Walnut Creek Office

*19.   Christine Olaguer, RSA Walnut Creek Office

20.   All doctors referenced in the 16 employees medical records described in #2 above.

///
///
///

PLAINTIFF'S RESPONSE TO DEFENDANT'S SPECIALLY
PREPARED INTERROGATORIES, SET NO. ONE

Exhibit C, Page 19

1    **INTERROGATORY NO. 4**

2      State, with specificity, all facts on which YOU base YOUR contention, as set forth in paragraph

3    22 of the AMENDED COMPLAINT, that DEFENDANT "was not enforcing the laws and procedures

4    and its contract obligations with Plaintiff."

5    **RESPONSE TO INTERROGATORY NO. 4**

6      Connecticut Indemnity policy, page 1, column 2, section C; page 3, column 1, section C,

7    paragraphs 2 & 7; page 3, column 2, section D; page 3, column 2, section E, paragraph 1 and page 4,

8    column 1, section F.  In addition, there could be other policy provisions at issue for which Plaintiff has

9    not yet rendered an opinion, and when Plaintiff does, it will update the answer to this interrogatory.

10    **INTERROGATORY NO. 5**

11      IDENTIFY each person who has knowledge of the facts supporting your allegations in

12    paragraphs 23, 24, 25 and 26 of the AMENDED COMPLAINT concerning the handling and reporting

13    of audits to the WCIRB.

14    **RESPONSE TO INTERROGATORY NO. 5**

15      Sean Dunn, Brian O'Farrell and Susan Keller and any WCIRB officials who worked on the

16    matters.

17    **INTERROGATORY NO. 6**

18      State, with specificity, all facts on which YOU base YOUR contention, as set forth in paragraph

19    26 of the AMENDED COMPLAINT, that DEFENDANT's conduct "caused Plaintiffs X-mod premium

20    for 2003 to increase over $500,000.00."

21    **RESPONSE TO INTERROGATORY NO. 6**

22      The WCIRB report provided to Walter Clark & Associates as well as Plaintiff.  The experience

23    modification (MOD) was raised from 140% to 185% as well as a revision to 2002 from 140% to 167%.

24    Based on the base premium for 2002 and 2003 the experience modification rate of 67% of total base

25    premium plus another 67% is what Plaintiff paid in premium, and 85% of total premium exceeds

26    $500,000.00.

27

28

**INTERROGATORY NO. 7**

State, with specificity, all facts on which YOU base YOUR contention, as set forth in paragraphs 30, 33, 36 and 38 of the AMENDED COMPLAINT, that Plaintiff suffered damage "in excess of one million dollars."

**RESPONSE TO INTERROGATORY NO. 7**

Plaintiff's renewal premium in 2001 at $464,509.00 at 140% MOD; Plaintiff's renewal premium in 2002 at $730,095.00 at 168% MOD which is 28% higher than 2001; Plaintiff's renewal premium in 2003 at $680,131.32 at 158% MOD (18% higher than 2001); and Lion's renewal premium in 2004 at $1,274,000.00 at 185% MOD (45% higher than 2001). The total MOD premium paid that should not have been incurred by Lion but for Defendants' negligence since 2002 equals $902,150.00. Since the mismanagement of these claims raised the MOD in excess of normal, it can be calculated that the MOD were 10% to 30% higher than an average year, and that Plaintiffs loss ratio was between 96% to 25% and would have significantly lowered the MOD down to the 110-130% range by 2003-2004. This adds another $200,000.00-$500,000.00 in MOD payments that would not have been incurred by Plaintiff if Defendant had handled the claims not negligently.

**INTERROGATORY NO. 8**

IDENTIFY each person who has knowledge of the facts supporting your allegations in paragraphs 30, 33, 36 and 38 of the AMENDED COMPLAINT, the Plaintiff suffered damage "in excess of one million dollars."

**RESPONSE TO INTERROGATORY NO. 8**

Brian O'Farrell, Sean Dunn and Susan Keller and any and all WCIRB officials who worked on the matter.

DATED: February 15, 2005

Respectfully submitted,

BRIAN C. LEIGHTON, attorney for Plaintiff Lion Raisins, Inc.

**VERIFICATION TO FOLLOW**

## PROOF OF SERVICE

I declare that:

I am employed in the County of Fresno, California.

I am over the age of eighteen years and not a party to the within action; my business

address is 701 Pollasky, Clovis, California  93612.

On February 15, 2005, I served a copy of the attached **PLAINTIFF'S RESPONSE TO**

**DEFENDANT'S SPECIALLY PREPARED INTERROGATORIES, SET NO. ONE** on the

interested parties herein by placing a true copy thereof in a sealed envelope with postage thereon

fully prepaid in the United States mail at Clovis, California, addressed as follows:

Steven H. Weinstein
Spencer Y. Kook
BARGER & WOLEN LLP
633 W. Fifth Street, 47th Floor
Los Angeles, CA 90071


I declare under penalty of perjury of the State of California that the foregoing is true and

correct and that this Declaration was executed this 15th day of February, 2005, at Clovis,

California.  I declare that I am employed in the office of a member of the Bar of this Court at

whose direction this service was made.

_____
Wendy Fimbres

# BARGER & WOLEN LLP

633 West Fifth Street
Forty-Seventh Floor
Los Angeles, California  90071-2043
Telephone:  (213) 680-2800
Facsimile:  (213) 614-7399

SPENCER Y. KOOK

skook@barwol.com

PLEASE REFER TO
OUR FILE NUMBER:
9937.023

April 11, 2005

**VIA FEDERAL EXPRESS**

Brian C. Leighton, Esq.
Law Offices
701 Pollasky Avenue
Clovis, CA 93612

Re:   *Lion Raisins, Inc. v. Connecticut Indemnity Company*

Dear Mr. Leighton:

As you know, I have made repeated requests for Plaintiff to provide written responses to Connecticut Indemnity Company's ("CIC") requests for production and a verification of its responses to CIC's interrogatories.  Please consider this letter a final request.

Specifically, CIC is entitled to formal written responses to its document requests to confirm what Plaintiff has and has not produced.  Fed. R. Civ. Proc. 34(b).  Likewise, CIC is entitled to sworn responses to its interrogatories.  Fed. R. Civ. Proc. 33(b)(1).

Given the good professional relations we have had throughout this matter, I believe that a motion to compel can be avoided.  However, the trial date in this action is rapidly approaching, and your client's continued delay in providing these responses is unacceptable.

If we do not receive written responses to CIC's document requests and verification by noon this Friday, April 15, CIC will file a motion to compel those responses.  (Please note: Your client's document production was not bates-stamped.  Enclosed with this letter is a CD-ROM of Plaintiff's production, which we have bates stamped (Bates nos. LR 000001 – LR 03345), by which you can confirm your client's production.)

Very truly yours,

SPENCER Y. KOOK
For the Firm

SYK:kln
cc:   Steven H. Weinstein, Esq.

i:\office9\9937\023\05letters\leighton0411.doc

Exhibit D, Page 23