Steven H. Weinstein (086724)
Spencer Y. Kook (205304)
BARGER & WOLEN LLP
633 West Fifth Street, 47th Floor
Los Angeles, California 90071
Telephone: (213) 680-2800
Facsimile: (213) 614-7399

Attorneys for Defendant
The Connecticut Indemnity Company

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LION RAISINS, INC., | CASE NO.: 1: 03 CV 6744 OWW DLB |
| Plaintiffs, | **STIPULATION FOR PROTECTIVE ORDER and PROTECTIVE ORDER REGARDING DISCOVERY AND USE OF CONFIDENTIAL INFORMATION** |
| vs. | |
| THE CONNECTICUT INDEMNITY COMPANY, a subsidiary of ROYAL & SUN ALLIANCE, AND DOES 1 through 10, inclusive, | |
| Defendants. | |

Plaintiff Lion Raisins, Inc. and Defendant Connecticut Indemnity Company ("CIC") (collectively the "Parties"), by and through their counsel of record, hereby stipulate to the following protective order regarding certain documents and information to be produced by the Parties in the above captioned matter:

1.  Documents, materials, or other information obtained through or in connection with the court of discovery in this action, including, but not limited to, documents, materials and information provided in response to inspection demand or subpoena, deposition, interrogatory, or request for admission ("discovery documents and information), whether produced by a party or by a third party witness, may be designated "CONFIDENTIAL" pursuant to this stipulation and protective order at the election of any party to this action and/or by the person or entity producing

c:\documents and settings\dlbeck\local settings\temp\notes101aa1\stip2protective order.doc

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

discovery documents and information.  The party electing to designate discovery documents and information as "CONFIDENTIAL" shall do so in writing.

      2.    Information or material may be designated "CONFIDENTIAL" pursuant to this stipulation and protective order by the person or entity producing it if (a) the information is produced pursuant to a formal or informal discovery request or otherwise pursuant to the Federal Rules of Civil Procedure; and (b) the producing party believes in good faith that such material contains trade secrets or confidential scientific, technical, financial, commercial or proprietary information and that such information is commercially sensitive, or private personal information of individuals, such as social security numbers, account information or medical information.

      3.    This stipulation and protective order applies only to documents or other information obtained through the course of discovery.

      4.    Deposition testimony shall be included in discovery documents and information and subject to this protective order upon the following conditions:

      (i)    During a deposition, any party may unilaterally designate portions of a deposition transcript as "CONFIDENTIAL" provided such designation is also formally made by letter within ten (10) days from the date on which the designating party actually receives a copy of the deposition transcript;

      (ii)    Any discovery documents and information designated as "CONFIDENTIAL" that is identified as an Exhibit in connection with deposition testimony concerning the documents and information shall also be so considered and shall be subject to the terms of this stipulation and protective order.  Testimony taken at a deposition, conference or hearing shall be designated as "CONFIDENTIAL" by making a statement to that effect on the records at the deposition or other proceeding.  Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

      5.    The discovery documents and information designated as "CONFIDENTIAL" shall not be used for any purposes other than this specific lawsuit and may be disclosed only as follows:

(i) Discovery documents and information designated as "CONFIDENTIAL" may be disclosed only to the Court (as set forth below in paragraph 7) or to "qualified persons" who have agreed in writing to be bound by this Protective Order in the form of an executed Declaration of Compliance, attached hereto as Exhibit "A." Qualified persons are defined as (1) all individual parties and counsel (including contract attorneys, in-house counsel, etc.) for individual parties to this action and the officers, directors, members, employees, and attorneys representing corporate parties to this action who need to review the material to assist with that party's defense or prosecution of its case (2) prospective witnesses; and (3) non-party consultants and experts.

(ii) Copies and extracts may be made by or for the foregoing qualified persons, provided that all copies and extracts are appropriately marked as set forth below in paragraph 5(vi). All copies and extracts of discovery documents and information designated as "CONFIDENTIAL" are subject to the terms of this stipulation and protective order.

(iii) A person with custody of discovery documents and information designated as "CONFIDENTIAL" shall maintain it and all information and material derived from it in a manner that limits access only to those qualified persons identified above in paragraph 5(i).

(iv) The designation of any document as "CONFIDENTIAL shall not preclude any party from showing the document to any person who appears as an author, addressee or recipient on the face of the document. Disclosure of a document designated as "CONFIDENTIAL" to an author, addressee, or recipient of the document shall not change the confidential status of discovery documents and information designated "CONFIDENTIAL" and shall not be deemed a waiver of privileges asserted on the ground that the discovery documents and information are confidential, private and/or proprietary.

(v) Prior to disclosing documents as discussed in paragraphs 5(i) through 5(iv), counsel disclosing the information will ensure that the qualified person to whom the documents are to be disclosed has understood and executed the Declaration of Compliance, attached hereto as Exhibit "A." Declarations of Compliance shall be maintained by the party who obtained them. Copies of the Declarations of Compliance shall be provided to the designating party (1) at the final

1 termination of the litigation, or (2) in the event of a dispute pertaining to the disclosure of discovery
2 documents and information designated "CONFIDENTIAL."
3       (vi) When a party is producing discovery documents and information designated
4 "CONFIDENTIAL," the party shall ensure that all of the designated material is marked as
5 "CONFIDENTIAL" by placing the word "CONFIDENTIAL" on each page of the document.
6       6.    Notwithstanding the foregoing provisions, this order shall be without prejudice to the
7 right of any party to challenge the propriety of discovery on other grounds, or to other discovery on
8 any grounds, and nothing contained herein shall be construed as a waiver of any objection which
9 might be raised as to the admissibility at trial of any evidentiary material.  The parties have not by
10 entering into this stipulation and protective order conceded that any of the asserted objections raised
11 by the other are meritorious, and each retains its right to assert all legal arguments to contest the
12 propriety of any and all objections and withholding of documents and information responsive to
13 further discovery requests.  The parties reserve all rights to apply to the Court for an order
14 modifying this order or seeking further protection.
15       7.    Counsel who seek to file with the Court any of the discovery documents and
16 information designated "CONFIDENTIAL" in the form of a document, admission, interrogatory,
17 answer, deposition transcript, pleading or other records tangible item shall ask the Court to direct
18 that the discovery information be filed under seal, specifically marked as "CONFIDENTIAL"
19 subject to this stipulation and protective order, and kept in a safe and secure place and not in files
20 open to public inspection.  The parties agree that the employees of the Court or the Clerk's office
21 have no duty to the parties to maintain the confidentiality of any information in any papers filed
22 with the Court.
23       8.    Any party may object to the designation of discovery documents and information
24 and deposition testimony (including deposition transcripts and/or deposition exhibits) as
25 "CONFIDENTIAL" provided the objection is made in writing within ten (10) days of receipt of the
26 written designation.  Should a written objection to the designation as "CONFIDENTIAL" be served
27 within the above-referenced time period, disclosure may be made only on such terms as the Court
28 may order.  The party objecting to designating discovery documents and information and deposition

testimony as "CONFIDENTIAL" has the burden of filing a motion with the Court no later than thirty (30) days after service of the written objection. The discovery documents and information and deposition testimony designated as "CONFIDENTIAL" will be subject to the terms of this protective order unless the appropriate motion is filed within the thirty (30) day time period, and continue as such until and unless a Court order to the contrary. The discovery documents and information and deposition testimony will be considered confidential from the time the original designation is made until otherwise ordered by the Court.

9.   The failure of any party to designate a document or documents as "CONFIDENTIAL" shall not relieve any other party from the obligation to limit its use of documents obtained through discovery to legitimate litigation related use.

10.   This stipulation and protective order may be modified by further order of this Court or by counsel for the parties, subject to the approval of the Court, provided that such agreement be memorialized in the form of a written signed stipulation that shall be filed with the Clerk and made a part of the record in this case.

11.   This stipulation and protective order shall survive the final termination of this action, to the extent that any discovery documents and information is not or does not be come known to the public. On final disposition of this action, counsel for any party shall promptly return all original documents and information covered by this stipulation and protective order to counsel for the party from whom it was received, and shall destroy all copies, transcripts, notes and extracts containing discovery documents and information except those marked as exhibits during trial.

12.   This protective order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this protective order nor any proceedings pursuant to this protective order shall be deemed to have the effect of an admission or waiver by any party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

1  13. Counsel for the parties hereby warrant that they have their respective client's
2  authority to execute this stipulation and protective order on the client's behalf and to bind the client
3  and parties to this protective order.
4  14. Obligations imposed by this stipulation and protective order shall not be
5  extinguished by the dismissal or other disposition of the case.
6  15. This stipulation and protective order may be executed in multiple counterparts, each
7  of which shall be deemed an original, and all of which shall constitute on agreement to be effective
8  on the date signed by all parties.
9  16. This stipulation and protective order is binding on the parties hereto and their
10 counsel as of the date of execution whether or not entered as an order by the Court, and a violation
11 therefore shall be punishable as is any court order.

Dated: November __, 2005            BARGER & WOLEN LLP

                                    By:   /s/ Spencer Y. Kook, Esq.
                                          STEVEN H. WEINSTEIN
                                          GREGORY O. EISENREICH
                                          SPENCER Y. KOOK
                                          Attorneys for Defendant The Connecticut
                                          Indemnity Company

Dated: November__, 2005             WILKINS, DROLSHAGEN & CZESHINSKI
                                    LLP


                                    By:   /s/ Alyson A. Berg, Esq.
                                          JAMES H. WILKINS
                                          ALYSON A. BERG
                                          Attorneys for Plaintiff Lion Raisins, Inc.

**ORDER**

IT IS SO ORDERED.

DATED: November 15, 2005 _____/s/ **Dennis L. Beck**_____
Honorable Dennis L. Beck
Magistrate Judge of the United States District Court

# EXHIBIT "A"

## AGREEMENT TO BE BOUND BY AGREED PROTECTIVE ORDER AND ORDERS PURSUANT THERETO

I, _____, of _____, in order to be provided access to discovery documents and information designated "CONFIDENTIAL," which are the subject of the protective order in a lawsuit entitled "*Lion Raisins, Inc. v. Connecticut Indemnity Company*," Case No. CIV-F-03-6744 OWW DLB pending in the United States District Court for the Eastern District of California, (the "Action") represent and agree as follows:

1. I have been provided with a copy of the Order and have reviewed and am familiar with its terms.

2. With regard to the discovery documents and information designated "CONFIDENTIAL" to which I am given access in connection with the Action, I agree to be bound by the provisions of the Order as of this date. I specifically agree that, unless I am the attorney of record representing a party to this Action, I shall not make copies nor authorize anyone to make copies of the discovery documents and information designated "CONFIDENTIAL" and that I will promptly return all copies of such material to the person from whom I received them upon request by that person.

3. I consent to the exercise of jurisdiction over me by the Court with respect to the Order.

Signed:_____

Name:_____

Dated:_____