# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LION RAISINS, INC., | ) | 1:03cv6744 OWW DLB |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING PLAINTIFF'S |
| v. | ) | MOTION TO COMPEL |
| | ) | |
| | ) | (Document 59) |
| CONNECTICUT INDEMNITY | ) | |
| COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On October 28, 2005, Plaintiff Lion Raisins, Inc. ("Plaintiff") filed the present motion to compel production of documents. The motion was heard on January 13, 2006, before the Honorable Dennis L. Beck, United States Magistrate Judge. Attorney Frances E. Rogers appeared on behalf of Plaintiff. Attorney San-Chuen Lau appeared on behalf of Defendant Connecticut Indemnity Company ("CIC").

**BACKGROUND**

This litigation arises out of a workers' compensation policy issued to Plaintiff CIC. Plaintiff alleges that CIC improperly handled at least 16 claims of injured employees by failing to promptly and properly investigate the claims and failing to properly control the and medical expenses to avoid unnecessary increases to Plaintiff's future premiums. Plaintiff contends that these actions constituted fraudulent conduct, breach of contract, and bad faith.

The discovery at issue involves medical records in the claim files for certain employee claims. Plaintiff requested the claim files of the employees, to which CIC responded by

producing approximately 15,000 documents, along with a privilege log identifying the disputed medical information as privileged "personal, confidential and private medical information."

### DISCUSSION

Federal Rule of Civil Procedure 26(b)(1) provides:

> **1) In General.** Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(I), (ii), and (iii).

Fed.R.Civ.Proc. 26(b)(1).

The resolution of this issue turns on the Court's reading of California Labor Code section 3762, which prohibits disclosure of medical information of an employee who has filed a workers' compensation claim, except as follows:

> (1) Medical information limited to the diagnosis of the mental or physical condition for which workers' compensation is claimed and the treatment provided for this condition.
>
> (2) Medical information regarding the injury for which workers' compensation is claimed that is necessary for the employer to have in order for the employer to modify the employee's work duties.

Cal. Labor Code, § 3762(c).

Defendant withholds the documents at issue based on the belief that Section 3762 prohibits their disclosure, a belief that results from a very literal reading of the statute. According to Defendant, any document that doesn't specifically refer to the diagnosis or treatment of the injury at issue is prohibited from disclosure.

Contrary to Defendant's position, a broader reading of "diagnosis" and "treatment" is more reasonable. Indeed, this view is consistent with the way doctors generally treat their patients- a diagnosis is not a simple, one-dimensional determination. A diagnosis is obtained by talking to the patient, examining the patient, and performing tests to either rule out other possibilities or refine the diagnosis. All of this medical documentation would be related to the

1  treatment and diagnosis of the employee's injury.
2  In other words, any documentation included in the treatment provided to an employee in
3  response to the employee's report of an injury are documents that relate to the diagnosis and/or
4  treatment of the employee.  The disclosure of this information is not prohibited by Section 3762,
5  and Defendant is therefore ORDERED to produce medical information that falls within this
6  category.

8  **IT IS SO ORDERED.**
9  **Dated:   January 24, 2006**           **/s/ Dennis L. Beck**
   3b142a                                  UNITED STATES MAGISTRATE JUDGE